JAMES B. APPLE

*v.*

JOHN BARCROFT.

| 158 | 649 |
| 161 | 402 |
| 158 | 649 |
| 164 | 23 |
|  |  |
| 158 | 649 |
| 183 | 195 |

*Filed at Mt. Vernon November 4, 1895.*

1. ELECTIONS—*construction of Ballot law of 1891—two straight marks through circle and squares not sufficient.* A ballot marked with two lead pencil lines, commencing in the circle preceding the party title and running through it and each of the squares opposite names of candidates, but without anything like a cross in the circle or in the squares, does not substantially comply with the Ballot law.

2. SAME—*effect of cross to right of candidate's name.* A cross to the right of the name of a candidate, between such name and the square opposite the name of an opposing candidate, does not sufficiently show the intention of the voter to permit the ballot to be counted for either candidate.

3. SAME—*effect of erasing all names on one ticket.* A ballot marked only by pencil erasures of all the names on one ticket cannot be counted.

4. SAME—*what care of ballots is sufficient.* Keeping ballots in an unlocked bureau drawer at the town clerk's house after they had been strung and sealed up as required by statute, it appearing the seal had not been broken and that the ballots had not been tampered with, does not prevent them from being the best evidence of the result of the election, as against the return of the judges of election.

APPEAL from the County Court of Bond county; the Hon. S. A. PHELPS, Judge, presiding.

NORTHCOTT & FRITZ, for appellant.

WILLIAM H. DAWDY, for appellee.

Per CURIAM:  At the election in the town of Tamalco, in the county of Bond, for the election of township officers, held on the third day of April, 1894, the appellant and appellee were rival candidates for the office of commissioner of highways.  It appears from the evidence that by the count, and the result as declared by the judges of election at the closing of the polls, appellant received 106 votes and appellee 107 votes, and appellee

was declared duly elected. Appellant, by proper proceedings in the county court, contested the election, insisting that he, and not appellee, was elected to the office in question. Upon a recount of the ballots and a hearing in the county court it was decided by that court that appellant received 105 votes and appellee 106 votes, and that appellee was elected and entitled to hold said office. This appeal is prosecuted to reverse that judgment.

Eleven of the original ballots, numbered in the record from 1 to 11, inclusive, have been certified to this court for inspection. Of these there are only five concerning which there is any dispute, it being conceded that the other six cannot be counted for either party, and that they were properly rejected by the county court. Of the five ballots in dispute the court below counted two for appellee, numbered, respectively, 1 and 11, one for appellant, numbered 10, and rejected the other two, numbered, respectively, 2 and 3.

Ballot numbered 1, so counted for appellee, contains no cross in the appropriate place opposite the name of appellee or preceding the appellation or title of the party of which he was the candidate. There are two lines, commencing in the circle preceding said appellation or title, drawn with a lead pencil, nearly perpendicularly through said circle and through each of the squares opposite the names of the candidates. These lines were at some points coincident and at others separated. There was no cross, nor anything approaching one, in the circle or in the square opposite appellee's name, as the statute required, to indicate an intention of the voter to vote for him or any one else. The statute must be substantially complied with. To permit the voter to substitute some other method of his own of marking his ballot to express his choice, for the one provided, would practically nullify the statute. It would not only lead to uncertainty in ascertaining the voter's intention, but would destroy the secrecy of the ballot by means of distinguishing marks,

by which the ballot of each voter could be identified. There was in this instance no such compliance with the statute by the voter as contemplated by its provisions, and the county court erred in counting this ballot for appellee.

Ballot numbered 2 shows a cross, thus, X not in the square or appropriate place opposite the name of appellant, but to the right of appellant's name,—between such name and the square opposite the name of appellee. While there is some plausibility in the contention of appellant that the way in which this ballot was marked showed that it was the intention of the voter to vote for appellant, still, as was held in the case of *Parker* v. *Orr*, (*ante*, p. 609,) it cannot be held a sufficient compliance with the statute. It is clear from the statute and the form of ballots prescribed that the appropriate place for the cross is the circle or square preceding the title or name, and not some blank space discovered by the voter at the right of such title or name. As to the ballot in question, as the cross is between the names of appellant and appellee, being at the right of the former and at the left of the latter, the only reason for supposing the elector intended to vote for appellant rather than for appellee is, that the cross is nearer appellant's than appellee's name. To hold such a ballot as one cast for either candidate would be mere guesswork.

Ballot numbered 3 shows mere pencil erasures of the name of appellant and all other names on the same ticket. No argument or authority is needed to show that the trial court ruled correctly in refusing to count this ballot for either party.

As to ballots numbered 10 and 11 more difficulty is met with in determining whether or not they are in compliance with the statute. In each it appears that the voter attempted to make a cross in the circle at the head of the ticket, but with imperfect success. We are not, however, disposed to disturb the finding of the county

court that they should be counted. But as both are open to the same objection, and if counted, one must be counted for appellant and one for appellee, they are not important in the decision of the case.

It is perhaps unfortunate that the result of our determination is a tie,—that appellant and appellee have received each 105 votes; but we are unable to come to any other conclusion. For a proper construction of the statute relative to the marking by the voter of his ballot reference may be had to the case of *Parker* v. *Orr, supra.*

Appellee contends that the ballots should not be considered the best evidence in determining the result of the election, but that the result as declared and returned by the judges of the election should prevail, for the reason, as it is alleged, that the ballots had been exposed, before the trial, to intermeddling by unauthorized persons, and may have been tampered with. We cannot agree with appellee in this contention. The ballots were strung and sealed up, as required by the statute, and preserved by the town clerk. While the evidence showed that they were kept in an unlocked bureau drawer at his dwelling house, it also showed that the seal remained unbroken and that they had not been tampered with. The case is very different from *Kingery* v. *Berry*, 94 Ill. 515, relied on by appellee.

We think the trial court erred in finding that appellee received one more vote at said election than appellant received, and that he was elected to and entitled to hold the office in question, and in not holding that the result of said election was a tie as to said office between appellant and appellee. The order and judgment of the county court are reversed and the cause remanded.

*Judgment reversed.*