## HENRY TRUELSEN v. TREVANION W. HUGO.[1]

August 1, 1900.

Nos. 12,234—(269).

| 81 | 73 |
|----|----|
| 81 | 193 |
| 81 | 194 |
| 81 | 73 |
| d84 | 87 |
| 84 | 88 |

### Election—Intention of Voter as Shown by Marking of Ballot.

The intention of a voter, under our election law, must control in counting his ballot; but such intention must be shown and indicated by markings on the official ballot substantially in the manner provided by such law, and in bona fide attempt at compliance therewith.

### Ballots.

Various ballots involved in this contest examined and considered, and the markings thereon *held* a sufficient compliance with the statutory requirements. Other ballots examined, and *held* not a compliance with such statutes.

### Findings Sustained by Evidence.

Findings of the trial court that contestee was duly elected mayor of Duluth sustained.

Election contest in the district court for St. Louis county. The contest was heard before Dibell, J., who found in favor of contestee, Hugo. From a judgment entered pursuant to the findings contestant, Truelsen, appealed. Thereafter the contestee also appealed. Affirmed.

*S. H. Moer*, for contestant.

*Thomas J. Davis, Davis, Hollister & Hicks* and *Coryate S. Wilson*, for contestee.

BROWN, J.

Election contest for the office of mayor of Duluth. At the city election in Duluth on February 6, 1900, the parties to this contest were opposing candidates for mayor. Contestee, Hugo, was declared elected, whereupon contestant, Truelsen, instituted this contest, which, after trial, resulted in judgment confirming the right of contestee to the office. Contestant appeals.

Subsequent to this appeal, contestee also appealed for the purpose of having reviewed the rulings of the court below counting certain

[1] Reported in 83 N. W. 500.

ballots for contestant, which rulings could not be reviewed on contestant's appeal. But, as the judgment appealed from must be affirmed on contestant's appeal, no reference will be made to the questions presented by contestee's appeal. In the contest proceedings in the court below there was an entire recount of the ballots cast at the election, by referees appointed by the court, the result of which gave contestee 3,164 undisputed votes, and contestant 3,147. Ninety-six ballots were disputed and referred to the court, and of these 44 were given to contestant, and 32 to contestee, with 20 rejected and not counted for either party. The vote as finally determined by the court gave contestee 3,196 and contestant 3,191.

The first question presented is with respect to the manner in which the intention of a voter must be expressed in order that his vote may be counted. It is conceded that the intent of the voter should prevail, but the question is as to how he must express or indicate that intention by his markings on the official ballot. The appellant contends that every ballot should be counted, if it can be clearly ascertained from the face thereof for whom the same was intended, regardless of the method or manner in which the same is marked, unless the counting of such ballot is expressly or by necessary implication of law prohibited. Respondent concedes that the intention of the voter should prevail, but contends that such intention must be expressed in substantially the manner provided by statute. The broad rule contended for by appellant would open wide the door to a violation of one of the main features of our election law,—the feature intended to prevent electors from so marking their ballots as to indicate that they had voted according to contract. To prevent this, a method and manner of marking are expressly designated. And, to the end that the unintelligent voter might not be disfranchised and deprived of his vote, liberal rules for ascertaining the intent of the voter and for counting ballots are provided. It is provided by G. S. 1894, § 141, that,

"In the counting of ballots cast at any election, all ballots shall be counted for the persons for whom they were intended, so far as such intent can be clearly ascertained from the ballot itself."

And certain rules are laid down for guidance in determining such

intent. And, while the statute is careful in requiring effect to be given the intent of the voter, all the provisions on the subject are pregnant with the idea that such intent must be expressed and indicated by a compliance with the manner and method therein provided for marking the ballots.

"The statute does not, however, prescribe any inflexible rule as to what shall or shall not be accepted as a cross mark, and any mark, however crude and imperfect in form, if it is apparent that it was honestly intended as a cross mark, and for nothing else, must be given effect as such." START, C. J., in Pennington v. Hare, 60 Minn. 146, 62 N. W. 116.

If the intent of the voter is to control, regardless of the manner of indicating it, then there need be no attempt to comply with the requirements of the statute at all. Such is contrary to the purpose and intent of the law, and we adopt the view that the intent of the voter, to be effective, must be indicated and expressed substantially in the manner as provided by statute, or at least in a bona fide attempt at compliance therewith. Parker v. Orr, 158 Ill. 609, 41 N. E. 1002; Vallier v. Brakke, 7 So. D. 343, 359, 64 N. W. 180. With this rule in mind, we will proceed to a consideration of appellant's assignments of error. They relate wholly to disputed ballots, and we will take them up in the order discussed in appellant's brief.

Exhibit 16 was counted by the court below for Hugo, and a majority of this court are of the opinion that it was correctly so counted. There are two cross marks on this ballot opposite the names of contestee and contestant. One is very nearly, if not quite, on the line between the squares in one of which it should have been made. The other is in about the same position; being on the line extending between the names of the two candidates, but further removed to the left of the other mark. The theory of the majority of the court is that the marks being on or near, but not below, the line beneath the name of contestee, Hugo, they were intended by the voter as marks opposite his name; that it is not unreasonable to suppose that the marks were so made out of a habit on the part of the person making them, in writing upon ruled paper, to take as a starting point the line below the space in which the writing is intended to be placed; that, if the voter had intended to vote for Truelsen, the

mark would have been on the line immediately below his name. In addition to these considerations, they rely upon the latter part of G. S. 1894, § 141, subd. 3, as follows:

"And if the mark is so near a space for marking as to indicate that it was intended for that space, it shall be deemed intended for the name to which such space applies."

The small mark under the name "Truelsen" was evidently unintentional. It is too small to attract much attention. The writer of this opinion and Justice LEWIS do not concur in these views. We think the ballot should have been rejected, and not counted for either party.

Exhibits 24, 52, and 78, counted for Hugo, are objected to because the cross is placed above the line extending across the ballot over the name of contestee. Contestant's name is first on the ballot, and above it are no names of candidates or blank spaces. Just above his name is a line across the ballot, and the marks on these three ballots appear just over this line, and above or near the square opposite contestee's name. It is clear that they should be counted for Hugo. There was an attempt to comply with the statute, and the voter intended to vote for him. The Pennington case, supra, is not in point. In that case the mark above a line over the name of a candidate was in a square opposite a blank space in which appeared the designation of an office different from that below the line. And it was not clear whether the voter there intended to vote for some one for alderman or for the assembly, and the vote was properly rejected. In this case no blank space appears where the mark was made, and the intention to vote for contestee is very apparent, while in the Pennington case it was not clear or free from doubt.

Exhibit 41, counted for contestee, has a mark immediately upon and through the name "Hugo," but no attempt is made to make a cross mark elsewhere on the ballot. A majority of the court conclude that the ballot was correctly counted for contestee. Their opinion is based upon G. S. 1894, § 141, subd. 3, which provides as follows:

"A mark made out of its proper place, but on a name or so near

it as to clearly indicate that it was intended for that name, shall be deemed a vote for that name."

And they are of opinion that the mark was intended in good faith as a compliance with the statute and for no other purpose. They are confirmed in this view by the fact that the voter marked. the ballot in the same manner in voting for assemblymen. The CHIEF JUSTICE and the writer do not concur in this disposition of the ballot, and think it should have been rejected.

Exhibit 99 was counted for contestee, and correctly so. It is properly marked with a cross in the space opposite his name. A cross appears to have been placed in the square opposite contestant's name, but was subsequently erased. This is too apparent to require comment.

Exhibit 85 was counted for contestee, and correctly so. The only objection to this ballot is that it contains, in the handwriting of the voter, a vulgar expression after the name of the contestant. The official ballot is no proper place to communicate expressions of ill will towards candidates for office. But we have no right to reject the ballot of a voter because he so forgets or abuses ordinary rules of propriety, and makes use of such ballot for that purpose. If it could be said that this writing was intended as a mark of identification, the ballot should be rejected, but we cannot do so. The nature of the expression there written is such as to preclude the idea that it was placed there by agreement.

Exhibit 102 was rejected by the court below, and not counted for either party. On this ballot the name of contestant is entirely erased and obliterated, and a small cross placed immediately in front of the name of the Socialist Labor candidate for mayor. The name of the Democratic candidate for alderman is also wholly erased. This ballot was properly rejected as not intended for contestant. That it was intended for the Socialist candidate is very clear. The cross in front of the name of that candidate is very plain, and almost identical with the two crosses opposite the charter proposition.

Exhibit 33 was properly rejected. There appear on this ballot two large cross marks, extending over the names of all the candi-

dates for mayor, and clearly indicating an intention on the part of the voter to refrain from voting for either.

Exhibit 6, a rejected ballot, should have been counted for contestant. Opposite the name of the contestee, in the space provided for the voting mark, appears the word "No," following which is a cross mark. Opposite the name of contestant is the word "Yes," followed by a cross. The voter's intention is very apparent. He intended to make sure of his vote for contestant.

Exhibit 34 was properly rejected. There was no attempt at a compliance with the statutes on the subject of marking, and it could not properly have been counted. The only marks on this ballot are those erasing the name of contestee, the name of the Socialist Labor candidate, and the names of the Republican and Socialist candidates for alderman; leaving the Democratic candidates alone on the ballot, but without any attempt to place a mark of any kind opposite their names. Exhibit 58 is similar to Exhibit 34, and was properly rejected.

Exhibit 23 was properly counted for contestee. The name of contestant is erased on this ballot, no attempt is made to make a cross mark, but the name "Hugo" is written in one of the blank spaces opposite the word "Mayor." The statutes expressly provide that, where a name is written in the ballot at the proper place for writing the same, it shall be counted for the person so named, whether a cross mark is made after the name so written or not. G. S. 1894, § 141, subd. 2. We are of the opinion that the voter casting this ballot intended to vote for contestee, and that the ballot as marked and cast by him sufficiently complies with the statute above quoted. The name being similar, it may be fairly presumed that both parties were the same, and there is no suggestion that any other person by that name was a candidate at that election. Newton v. Newell, 26 Minn. 529, 541, 6 N. W. 346. For the same reasons, Exhibit 30, which is similar, was properly counted for contestee. G. S. 1894, § 141, subd. 2, supra, is not limited to names not printed on the ballot, but applies to every name written thereon by the voter, whether printed thereon or not. The Pennsylvania statute is not as broad as ours. There the permission to write names on the ballot seems expressly limited to names not printed thereon.

Exhibits 43, 115, and 117 were properly counted for contestee. Exhibit 43 was not indorsed with the names of the judges of election, as required by G. S. 1894, § 94, and contestant contends that it should have been rejected.  He expressly waived any objection to this ballot on the trial below, made no objection to it there, and cannot now be heard to complain that it was counted against him. As to Exhibits 115 and 117, the initials of one of the judges were indorsed thereon at the proper place, and the full names of the other judges written on another portion of the ballot.  Though this was not a literal, it was a substantial, compliance with the statute; and the objection is technical, and cannot have the effect contended for it by counsel, even conceding, for the purpose of the case, that a failure of duty on the part of the judges in this respect could operate to disfranchise a voter.

There are no other contested ballots involved in contestant's appeal, and, as the result still leaves contestee elected by a majority of four, questions raised by his appeal will not be considered.

The judgment appealed from is affirmed.