WILLIAM F. TANDY

*v.*

JOHN F. LAVERY.

*Opinion filed February 21, 1902.*

1. ELECTIONS—*ballot with name written on back is bad.* A ballot having the voter's name, or the name of some other person, written across the back cannot be counted.

2. SAME—*making double cross not ground for rejecting ballot.* A ballot should not be rejected because the voter has drawn a third line through the cross in the circle or square or because he has made two crosses in the circle.

3. SAME—*ballot not bad because candidate's name is erased with pencil line.* A ballot properly marked with a cross in the square opposite the name of a nominee for office is not to be rejected because pencil lines have been drawn through the name of the nominee for the same office on the other ticket.

4. SAME—*a voter should not be disfranchised for slight inaccuracies in the ballot.* Effect should be given, as far as possible, to the intention of the voter as expressed in his ballot, within the forms prescribed by law, and he should not be disfranchised for slight inaccuracies in his ballot.

APPEAL from the County Court of McDonough county; the Hon. W. J. FRANKLIN, Judge, presiding.

SWITZER & MELOAN, for appellant.

NEECE & SON, and PONTIOUS & PONTIOUS, for appellee.

Mr. JUSTICE CARTER delivered the opinion of the court:

By the count of the judges of election it was found that the appellant, Tandy, had received 102 votes for the office of supervisor of Chalmers township, in McDonough county, and that the appellee, Lavery, had received 101 votes for the same office. Tandy obtained the certificate of election and entered upon the performance of the duties of the office. Lavery contested the election in the county court, and it was there found and declared that

he had received 103 votes and Tandy 102 votes, and that he, Lavery, had been duly elected. Tandy has brought the record to this court for review.

On the hearing in the county court objections were made to the counting of six ballots, the first five of which purported to be for Lavery and the other for Tandy. The first was properly rejected, because, although regular in all other respects, the name of the voter, or of some other person, was written on the back of the ballot. Such name could have been written on the ballot for no other purpose than to distinguish it from others. To count such a vote would destroy the secrecy of the ballot.

The second of said six ballots shows that the voter intended to vote the whole republican ticket except for appellant, and that he intended to vote for appellee for supervisor. This intention is shown by a cross, thus, in the circle to the left of the party title "Republican," and a cross, thus, in the square to the left of the appellee's name under the party title "Democratic." The only reason for rejecting the ballot seems to have been the additional line drawn through the cross after it was made. In other words, the elector drew three lines instead of only two. We are of the opinion that this was not a sufficient reason for rejecting the ballot. The marks on the ballot do not disclose any intention or attempt on the part of the voter to distinguish his ballot by placing marks of identification upon it, but only to indicate his vote for appellee. It may well have been that one of the lines appeared to the voter at the time to be indistinct, and that he drew the additional one for greater certainty. At any rate, the voter should not be deprived of his vote by a mere irregularity of this character, where an honest intention to comply with the law appears. (*Parker* v. *Orr*, 158 Ill. 609.) It was error to reject this ballot.

The county court counted the third of said six ballots for appellee, and it is contended that in so doing there

was error. This ballot shows a proper cross made in the square to the left of appellee's name indicating a vote for appellee, and there is nothing else on the ballot to indicate any contrary intention. The circles opposite the party titles were not marked, but crosses were properly made in the squares to the left of the names of other candidates for other offices on the republican ticket, and in addition a cross was made outside of and just beneath the square to the left of the republican candidate for assessor, and a straight diagonal line was drawn in each of two squares on the democratic ticket, one to the left of the name of the candidate for assessor and the other to the left of the name of a candidate for constable. The objection of appellant to the counting of this ballot for appellee for supervisor is, that the two straight lines mentioned, and the cross below the square, constitute distinguishing marks by which the ballot could be identified, and *Parker* v. *Orr, supra,* is cited in support of the objection. What was said in that case was with reference to ballots where the voter's intention was indicated only by single marks or lines; but here there is no controversy between any of the candidates whose names are opposite to and supposed to be designated by such marks or lines, but the only question here is, should the ballot be counted for appellee, for whom it is plain the elector intended to vote, and did vote, for supervisor. The ballot does not have the appearance of having been marked to distinguish it from others for identification, but as to the two marks or lines, and the misplaced cross above mentioned, nothing more is indicated than carelessness, or uncertainty of purpose as to the candidates for whom the elector intended to vote for those offices. We are of the opinion that the ballot, as a vote for appellee, should not be rejected, but that it was properly counted for him by the county court.

The fourth of said six ballots rejected by the county court should also have been counted for appellee. As

to that ballot the elector indicated his vote for appellee and the rest of the democratic ticket by making two crosses in the circle to the left of the party title "Democratic." The only ground for rejecting this ballot evidently was the double cross in the circle. What was said above in reference to the second ballot is applicable here. The crosses in the circle are drawn, one perpendicularly and the other horizontally. It may well be that because of defective sight or a deficiency of light, or other cause, it appeared to the voter, at the time, necessary to make the second cross in order that his vote might clearly appear. Effect should be given, as far as possible, to the intention of the voter as expressed by his ballot, within the forms prescribed by law, and he should not be disfranchised for slight inaccuracies in his ballot. We are of the opinion that this and the second ballot above referred to are as clearly within the law as the two ballots described and illustrated in *Parker* v. *Orr*, *supra*, on page 619, last paragraph, which in that case were held to have been properly counted.

The fifth of said ballots was properly counted for appellee. The elector merely made a cross in the square to the left of appellee's name and drew three lines through appellant's name. The mere attempt to cancel appellant's name, though improper, is not a sufficient ground on which to reject the ballot. *Caldwell* v. *McElvain*, 184 Ill. 552.

As to the sixth of said ballots there is perhaps more doubt, but it is not necessary to consider it, inasmuch as we find that appellee received two more votes than the county court counted for him, and if said sixth ballot were counted for appellant it would not change the result.

The order and decree must be affirmed.

*Decree affirmed.*