## W. Scott Pierce

*v.* ·

## The People *ex rel.* Enos Field.

*Opinion filed June 19, 1902.*

1. Ballots—*voter may write name of his candidate in a blank space.* Every legal voter has a right to vote for the candidate of his own selection, and if his name is not printed on the official ballot the voter may write it in some blank space on the ticket.

2. Same—*when cross in circle at head of ticket is sufficient.* If one of the tickets upon the official ballot has a blank space thereon, the candidate for the office having withdrawn, a voter may write in the name of his candidate in such space and mark a cross in the circle at the head of the ticket, in which case the ballot should be counted for all candidates on such ticket, those whose names are printed as well as the one whose name is written.

3. Same—*absence of cross in the square is not a distinguishing mark.* Where there are several ballots having a cross in the circle at the head of one ticket and the name of a candidate written on a blank space on such ticket, the absence of a cross in the square opposite such candidate's name does not constitute a distinguishing mark.

4. Same—*what is a distinguishing mark.* The distinguishing mark which is prohibited by the statute is such a mark as will separate and identify the particular ballot from others cast.

*Pierce* v. *People ex rel.* 100 Ill. App. 93, affirmed.

Appeal from the Appellate Court for the Second District;—heard in that court on appeal from the Circuit Court of Grundy county; the Hon. Charles Blanchard, Judge, presiding.

E. L. Clover, and D. R. Anderson, for appellant.

C. F. Hanson, (Cornelius Reardon, J. W. Rausch, and McDougall & Chapman, of counsel,) for appellee.

Mr. Justice Cartwright delivered the opinion of the court:

The question to be decided in this case is whether eleven ballots cast at the city election in the first ward of the city of Morris on April 16, 1901, shall be counted

for Enos Field for alderman of said ward. The appellant, W. Scott Pierce, had one hundred and ten votes for that office, and if the ballots in question are counted for Enos Field the latter had one hundred and fifteen votes, and had a majority of five. If they are not counted for him he was defeated by a majority of six.

The following is a copy of said ballots as deposited by the voters:

## FIRST WARD.

REPUBLICAN.     CITIZENS'.

For Mayor,
J. B. DAWSON.

For City Clerk,
FRED W. RIDGWAY.

For City Attorney,
CHAS. D. YOUNG.

For City Treasurer,
WM. MASON.

For City Marshal,
THOMAS STEEL.

For Alderman—First Ward,
W. S. PIERCE.

For Mayor,
J. N. BUNNELL.

For City Clerk,
ROBERT CONDON.

For City Attorney,
J. W. RAUSCH.

For City Treasurer,
WM. JONES.

For City Marshal,
LAWRENCE BRODERICK.

For Alderman—First Ward,
*Enos Field.*

The candidates on the republican ticket were nominated by that party and the candidates on the citizens' ticket were nominated by petition. Thomas Phillips was nominated on the citizens' ticket for alderman of said ward, but on April 5, 1901, caused his name to be withdrawn from said nomination by his request in writing filed with the city clerk. There remained no candidate on the citizens' ticket for that office, and the ballots were printed with the words, "For Alderman—First Ward," with a blank space below for a name and a square to the left of it. The official ballot was printed and delivered to the voters as it appears above, with the exception of

197—28

the cross in the circle opposite the word "Citizens'" and the name "Enos Field." The voters who cast the eleven ballots in question each wrote the name "Enos Field" below the words "For Alderman—First Ward," and made a cross in the circle at the head of the ticket.

The object of an election is to obtain and record a correct expression of the will of the voters, and the purpose of the statute is to effect that object and to preserve the secrecy of the ballot. The intention of the voters in this case is plain. Enos Field was their choice for alderman of the first ward, and they intended and endeavored to vote for him. The intention being clear, it is the duty of the court to give effect to such intention if it can be done without a violation of the law. It is the duty of every voter to ascertain and follow the provisions of the Ballot law, and a ballot cannot be counted where to do so would violate the provisions of the statute, but the statute should be construed so as to give effect to the intention of the voter honestly endeavoring to comply with it, in preference to a construction which would defeat such intention. Every legal voter has a right to vote for the candidate of his own selection, and if the name of such candidate is not printed on the official ballot he has the right to insert it in some blank place on the ticket and to vote for the candidate of his choice. (*Sanner* v. *Patton,* 155 Ill. 553.) Section 23 of the Ballot law of June 22, 1891, recognizes this right. (Hurd's Stat. 1899, p. 808.)

The right of the voters to write in the name of Enos Field on the ballot and to vote for him is not questioned, but it is insisted that they did not vote for him,—first, because there was no cross made in the square opposite his name; and second, because the failure to make such a cross in the square was a distinguishing mark, which the law forbade. It is conceded that if a cross had been made in the square opposite his name the ballots should be counted. The argument is, that, under the language

of the Ballot law, making a cross in the circle at the head of the ticket is a vote for those, only, whose names are printed on the official ballot, and does not include a candidate whose name is written in a space left blank for such name under the title. Said section 23 of the Ballot law directs that the voter "shall prepare his ballot by making in the appropriate margin or place a cross (X)'opposite the name of the candidate of his choice for each office to be filled, or by writing in the name of the candidate of his choice in a blank space on said ticket, making a cross (X) opposite thereto; and in case of a question submitted to the vote of the people, by making in the appropriate margin or place a cross (X) against the answer he desires to give: *Provided, however,* if he shall desire to vote for all of the candidates of one political party or group of petitioners, he may place such mark at the appropriate place preceding the appellation or title under which the names of the candidates of such party or group of petitioners are printed, and the ballot so marked shall be counted as cast for all of the candidates named under that title."

This statute provides two general methods of voting for candidates: one, by putting a cross opposite the name of each candidate voted for; and the other, by putting a cross in the circle at the head of the list of candidates under one party appellation or title. It is true that the statute, in providing for voting an entire ticket by a cross within the circle at the head, says that if the voter desires to vote for all the candidates of one particular party or group of petitioners he may place the mark at the appropriate place preceding the title under which the names of the candidates are printed; but it also says that if he does so his ballot shall be counted as cast for all of the candidates named under that title. It would be, in our judgment, a narrow construction of the statute to say that the ballot should only be counted for those whose names are printed, where it is beyond question

that the voter intended to complete the ticket by writing a name in the space left and to vote for the whole ticket. That would be to adopt a construction to defeat the intention of the voter, rather than to give it effect. The statute contemplates regular official ballots printed and furnished by the proper officers, with the list of candidates of each party or group of petitioners. There is no provision that the ballot shall contain blank spaces in which the voter may write the names of persons for whom he desires to vote. The statute authorizes him to write the name of his candidate in a blank space on the ticket, which might be under no party appellation or title as a ticket, and he could adopt the plan of making the cross opposite the candidate of his choice for each office. In this case, a blank space was left under the title of the citizens' ticket for the name of a candidate to be written in. The name of Enos Field was written in that space by the voters, and the cross within the circle at the head of that ticket was within the provision of the statute that a ballot so marked shall be counted as cast for all the candidates named under that title. This construction, in our opinion, does no violence to the statute while it carries out the intention of the voters.

The second claim is, that the omission of a cross in the square opposite the name of Enos Field constituted a distinguishing mark, by which the secrecy and sanctity of the ballot were impaired. The argument is, that the absence of a cross opposite the name was a mark by which these ballots can be identified and distinguished from the other ballots cast at the election, and that they must be rejected on that account. The distinguishing mark prohibited by the statute is such a mark as will separate and distinguish the particular ballot from the other ballots cast at the election. It is some sort of mark put upon the ballot to indicate who cast it and to furnish the means of evading the law as to secrecy. (*Parker* v. *Orr*, 158 Ill. 609.) The absence of a cross in the

square on these ballots would not serve that purpose and did not constitute a distinguishing mark. The judgments of the circuit court of Grundy county and of the Appellate Court for the Second District were in accordance with these views.

The judgment of the Appellate Court is affirmed.

*Judgment affirmed.*