STATE v. JOSEPH SEDERSTROM and Others.[1]

October 12, 1906.

Nos. 14,923—(14).[2]

**Separate Trials on Joint Indictment.**

> The granting of a separate trial to each of several defendants indicted jointly for a misdemeanor is discretionary with the trial court.

**Witness—Contradictory Statements.**

> The rule that a party who is surprised by the testimony of a witness whom he has called may be allowed to show that the witness had previously made statements contrary to his testimony, applies in a criminal as well as a civil case.

Appeal by defendants from an order of the district court for Chippewa county, Qvale, J., denying a motion to set aside the verdict of guilty, and for a new trial. Affirmed.

*C. D. Bensel,* for appellants.

*E. T. Young,* Attorney General, *Lyndon A. Smith,* County Attorney, and *C. A. Fosnes,* for the State.

ELLIOTT, J.

The appellants were charged with selling intoxicating liquor without having first obtained a license as required by the laws of the state. The defendants admitted the sale of a certain beverage, but denied that it was intoxicating. This presented the only issue for the jury.

The appellants assign numerous errors; but, in view of the fact that the law upon all the questions raised has been frequently declared by this court, it is unnecessary to consider them in detail. The trial court refused the requests of the defendants for separate trials. As they were charged with a misdemeanor, the matter rested in the discretion of the court. R. L. 1905, § 5360. The indictment alleged that the sale was made on October 20, but before any evidence was introduced the state's attorney announced that he would prove that the sale was made on September 20, instead of October 20. No suggestion was then made that this would inconvenience the defense.

[1] Reported in 109 N. W. 113.        [2] October, 1906, term.

The state was not required to confine the proof to the exact date named in the indictment. The evidence of other sales made on and prior to the date of the sale in question was properly received under the rule recently announced and fully discussed in State v. Peterson, 98 Minn. 210, 108 N. W. 6. The evidence tending to show sales of whiskey after the date of the sale with which the defendants were charged was properly received in rebuttal of evidence offered by the defendants that no intoxicating liquor had been kept on the premises.

Nor did the court err in permitting the state to show that the witness Nash had made statements to the state's attorneys out of court which were inconsistent with his testimony. The witness had been called by the state, and had given testimony which was decidedly prejudicial to the state. Under the circumstances, the court was justified in allowing the state to show that when examined by the attorneys for the state in preparation for the trial he had told a different story. The case comes within the rule that "a party who has called a witness in his own behalf and who is surprised by his adverse testimony may, in the discretion of the court, be allowed to show, after proper preliminary proof, that he had previously made statements contrary to his testimony." Selover v. Bryant, 54 Minn. 434, 56 N. W. 58, 21 L. R. A. 418, 40 Am. St. 349; Lindquist v. Dickson, 98 Minn. 369, 107 N. W. 958. This rule applies in criminal and in civil cases. For a full citation and consideration of the authorities, see 2 Wigmore, Ev. § 903, et seq.; Hurley v. State, 46 Oh. St. 320, 21 N. E. 645, 4 L. R. A. 161; People v. Elco, 131 Mich. 519, 523, 91 N. W. 755, 94 N. W. 1069.

The sale in question was made by one of the defendants, who was a clerk in the employ of the other defendants. Neither of the partners made any attempt to hide behind the clerk. Both testified that the clerk had authority to sell anything in the store to all persons. The evidence showed conclusively that intoxicating liquors were kept in the store, and under the terms of the clerk's employment the jury were justified in finding that he was authorized by his employers to make the sale in question. The evidence also amply sustains the finding of the jury that the beverage which the defendants were charged with selling was intoxicating.

We have examined all the assignments of error, and find nothing in the record which would justify a reversal.

The order from which the appeal is taken is therefore affirmed.