HELME *v.* BOARD OF ELECTION COMMISSIONERS OF LEN-
AWEE COUNTY.

1. ELECTIONS— SECRET BALLOT — VOTING MACHINES—STATUTES —
CONSTITUTIONAL LAW.
    Section 10, Act No. 287, Pub. Acts 1907, under which a voter at
    an election at which voting machines are used is required to
    call for a paper ballot in case he desires to vote for a combi-
    nation of candidates which cannot be voted on the machine,
    requires the voter in such case to disclose his intention not
    to vote his party ticket, and is therefore unconstitutional as
    violating the right of the elector to vote a secret ballot.

2. SAME—VOTING MACHINES—SECRET BALLOT.
    Voting machines cannot be used at an election at which the
    type of machine in use cannot be so arranged as to afford the
    voter opportunity to vote for any desired combination of the
    candidates of all parties.

3. SAME—OFFICIAL BALLOT—SPECIAL ELECTION — NOMINATION BY
SEVERAL PARTIES.
    Act No. 272, Pub. Acts 1907, providing for the election of dele-
    gates to the constitutional convention of 1907, makes the
    provisions of the general election laws applicable so far as the
    printing of the ballots is concerned, and therefore a candidate
    is entitled to have his name appear but once on the official
    ballot, notwithstanding he is nominated by several parties.

ON MOTION FOR REHEARING.

ELECTIONS—VOTING MACHINES—SECRET BALLOT.
    Any type of voting machine may be used, or the type in ques-
    tion in this case may be used, at any election in which the
    choice between candidates can be expressed by the use of the
    machine, or by any other method which does not disclose to
    the inspectors or others the purpose of the voter.

Mandamus by James W. Helme to compel the board of
election commissioners of Lenawee county to furnish
printed paper ballots. Submitted September 11, 1907.
(Calendar No. 22,465.) Writ granted September 11,
1907. Rehearing denied October 11, 1907.

*James W. Helme* (*T. M. Joslin*, of counsel), in pro. per.

*John E. Bird*, Attorney General, and *Thomas Ambrose Lawler*, Assistant Attorney General, for respondent.

PER CURIAM. The relator is a candidate selected by three parties as delegate to the coming constitutional convention. He asks a mandamus to compel the board of election commissioners of Lenawee county to furnish to each voting precinct in the county printed paper ballots containing his name under the party name of each and every party by which he was nominated.

The record shows that voting machines are used in several precincts, and that it is the intention to use such at the election to be held for said office, and that it is impossible to so arrange the names of candidates upon said machines as to permit a voter to vote for certain combinations of candidates, there being three to be elected. It is admitted that this is true in a strict sense, but it also appears that where a voter desires to vote for such a combination or candidate whose name is not on the machine, he may apply to the election inspector for a paper ballot, which, after preparing, he shall fold and deliver to the inspector, who shall place it in a cartridge and introduce it into a receptacle prepared for it in the machine, and through that into a box, to be counted if it shall be found that the persons voted for could not otherwise have been voted for by the use of the machine.

It is obvious that a voter cannot ask for and vote such a ballot without indicating that he does not vote for his full party ticket, and, to the degree that he is reluctant to have his want of party fealty known, it acts as a deterrent to his voting for the persons of his choice, and operates against his independence as a voter. We are of the opinion that the requirements found in section 10, Act No. 287, Pub. Acts 1907, are unconstitutional as applied to this case because they violate the right of the elector to

vote a secret ballot. See *People* v. *Cicott*, 16 Mich. 283, and *City of Detroit* v. *Board of Election Inspectors*, 139 Mich. 548.

It appearing that all of the machines in use in this county are subject to this infirmity, i. e., they do not afford an opportunity to all to vote a secret ballot, they cannot lawfully be used, and it is therefore necessary that paper ballots be furnished by respondents for each precinct.

Counsel for relator contend that Act No. 272, Pub. Acts 1907, renders the general act providing for the printing of ballots, and prohibiting the printing of a name more than once, inapplicable to this election, inasmuch as it provides in express terms that—

"The names of the three candidates nominated by each or any political party in each senatorial district, * * * shall be printed upon the official ballots of the various political parties."

We think otherwise. Section 4, Act No. 272, Pub. Acts 1907, provides that—

"All laws not inconsistent with this act, regulating the printing of the ballots * * * shall be applicable to the printing of the ballots," etc.

The general law contains a similar provision, with the limitation mentioned, which we think applicable here. Therefore relator's name can appear but once.

The writ will issue as above indicated.

### ON MOTION FOR REHEARING.

PER CURIAM. A motion for a rehearing of this cause has been made, and it is asked that, in case such relief shall not be granted, we indicate, by an addendum to the opinion filed, that the device shown by an amended return which is said to enable the voter to cast his ballot with absolute secrecy, is not open to the objection stated in the opinion heretofore filed. In view of the far-reaching effect of our decision, and the important interests, both

public and private, which might be injuriously affected. by any general misapprehension of its scope, we deem it proper to say that it was not intended to hold or intimate that the voting machine in question was open to objection in any election in which the choice between candidates can be expressed by the use of the machine, or by any other method which does not disclose to the inspector or others the purpose of the voter.

It follows that any device which insures absolute secrecy is not within the mischief condemned by our opinion.