GEORGE J. BLOEDEL v. JAMES L. CROMWELL.[1]

June 19, 1908.

Nos. 15,773—(242).

**Elections.**

Election laws are to be construed so as to secure to every voter reasonable opportunity to vote and to have his vote counted as cast, when his intention can be ascertained from the ballot without violating statutory provisions.

**Marking Ballots.**

Irregularities in the marking of ballots, such as neither create uncertainty as to the voter's choice nor serve as distinguishing signs violative of secrecy, are not cause for rejecting ballots.

**Same.**

It is otherwise, however, where the marks used are inappropriate to express the voter's intention, or are so distinct and individual in character as to furnish means of identifying the ballot as that of the particular voter.

**Voter's Intention Immaterial.**

It is not the voter's private intention, but the natural inference from what he has done, which controls.

**Identification of Ballot.**

Names or initials on a ballot are natural means of identification of the ballot cast.

**Trial Court Sustained.**

In this case it is *held* (1) that one ballot, signed by the voter opposite the name of a candidate, was properly rejected; (2) that another ballot, on which there was no mark opposite the name of a candidate for the contested office, was no vote.

Election contest in the district court for St. Louis county over the office of alderman from the Second ward of the city of Duluth between George J. Bloedel, contestant, and James L. Cromwell, contestee. The matter was tried before Cant, J., who made findings and ordered judgment in favor of contestant. From an order denying his motion for allowance of amended findings of fact and conclusions of law and for judgment in his favor or for a new trial, contestee appealed. Affirmed.

[1] Reported in 116 N. W. 947.

*Charles E. Adams,* for appellant.

*M. H. McMahon* and *J. W. Reynolds,* for respondent.

JAGGARD, J.

This is an appeal from an order of the trial court denying a motion by the contestee for certain amendments of the findings, for judgment in favor of the contestee on the findings as amended, and from an order denying a new trial of said action.

The contestant and contestee were duly nominated candidates for the office of alderman in Duluth by their respective political parties. The official canvass declared the vote to have been 720 for each candidate and to have been a tie. Pursuant to the city charter, lots were drawn. The result was favorable to the contestee. Thereupon this contest was instituted, pursuant to section 336, R. L. 1905. The recount showed that the contestant had received 721 undisputed ballots and the contestee had received 718 undisputed ballots, and referred five ballots to the court for examination. Of these two were conceded to the contestee and one for contestant. Two, respectively Exhibits 12 and 8, were not allowed for either candidate. It was also claimed by the contestee that, of the 721 votes found to have been cast for contestant, one ballot, cast by one Carl Claus, was illegal, and that the ballot should therefore be deducted from the total vote accorded contestant.

1. The general principles applicable to this controversy are well settled. Election laws are to be construed so as to secure to every voter reasonable opportunity to vote and to have his vote counted as cast, when his intention can be ascertained from the ballot without violating statutory provisions. No man should be disfranchised upon a doubtful construction of such statutes. Bingham v. Broadwell, 73 Neb. 605, 103 N. W. 326; State v. Fawcett, 17 Wash. 188, 49 Pac. 346; Howser v. Pepper, 8 N. D. 484, 79 N. W. 1018; Pierce v. People, 100 Ill. App. 93; Pierce v. People, 197 Ill. 432, 64 N. E. 372; Tandy v. Lavery, 194 Ill. 372, 62 N. E. 774; Rexroth v. Schein, 206 Ill. 80, 69 N. E. 240; Kellogg v. Hickman, 12 Colo. 263, 21 Pac. 325; Nicholls v. Barrick, 27 Colo. 441, 62 Pac. 202; Owens v. State, 64 Tex. 509; Attorney General v. Glaser, 102 Mich. 405, 61 N. W. 648. The fundamental principle of the Australian ballot system is, however, to

make possible that the contents of the ballot be and remain secret To this end the statutes of this state, as in many states in which that system is in force, provide a uniform and undistinguishable mark by which all voters shall designate their choice on their ballots, with certain exceptions not here involved. R. L. 1905, § 275, and section 302, subd. 7. The intent of the voter, accordingly, to be effective, must be shown and indicated by markings on the official ballot substantially in the manner provided by such law, and in bona fide attempt at compliance therewith. Truelsen v. Hugo, 81 Minn. 73, 83 N. W. 500; cf. Hughes v. Upson, 84 Minn. 85, 89, 86 N. W. 782. Mere irregularities in the marking of ballots, such as neither create uncertainty as to the voter's choice nor serve as distinguishing signs, violative of secrecy, are not cause for rejecting ballots. Winn v. Blackman, 229 Ill. 198, 82 N. E. 220; Rexroth v. Schein, 206 Ill. 80, 69 N. E. 240; Pierce v. People, 100 Ill. App. 93; Pierce v. People, 197 Ill. 432, 64 N. E. 372; Parker v. Orr, 158 Ill. 609, 41 N. E. 1002, 30 L. R. A. 227; State v. Fawcett, 17 Wash. 188, 49 Pac. 346; Howser v. Pepper, 8 N. D. 498, 79 N. W. 1018; Jennings v. Brown, 114 Cal. 307, 46 Pac. 77, 34 L. R. A. 45; Young v. Simpson, 21 Colo. 460, 42 Pac. 666, 52 Am. St. 254; Hanscom v. State, 10 Tex. Civ. App. 638, 31 S. W. 547, 550; Parker v. Hughes, 64 Kan. 216, 67 Pac. 637, 56 L. R. A. 275, 91 Am. St. 216 (in which, in the majority and concurring and dissenting opinions, a full discussion of the subject is to be found). It is otherwise where the marks used are inappropriate to express the voter's intention, or are so distinct and individual in character as to furnish means of identifying the ballot as that of the particular voter. Sharpe, J., in Black v. Pate, 130 Ala. 514, 30 South. 434. It is not the voter's private intention, but the natural inference from what he has done, which must control. "Where * * * the result of which is to identify the ballot cast by him and to disclose for whom he voted, he violates the statute and destroys his vote. * * * Any mark placed upon a ballot, therefore, by which the voter may be identified by any person, vitiates the ballot." Brown, J., in Elwell v. Comstock, 99 Minn. 270, 109 N. W. 701, 7 L. R. A. (N. S.) 621. "The intent of the voter must be determined by an inspection of the ballot, and upon whether there is any mark thereon by which it may be identified, irrespective of any conjecture as to the purpose or circumstances under

which the mark was made." Harrison, J., in People v. Campbell, 138 Cal. 11, 20, 70 Pac. 918. And see Salcido v. Roberts, 136 Cal. 670, 69 Pac. 431; Patterson v. Hanley, 136 Cal. 265, 68 Pac. 821, 975; Farnham v. Boland, 134 Cal. 151, 60 Pac. 200, 366; Tebbe v. Smith, 108 Cal. 101, 41 Pac. 454, 29 L. R. A. 673, 49 Am. St. 68; Apple v. Barcroft, 158 Ill. 649, 650, 41 N. E. 1116.

In determining whether in a particular case the mark is a means of identification, natural rules of interpretation apply. "In our view," said Corson, P. J., in Vallier v. Brakke, 7 S. D. 343, 360, 64 N. W. 180, 186, "it is neither the duty of judges of election nor the courts to fritter away the benefits of the system by strained efforts to get at the intention of the voter in any manner other than by following the rules prescribed by the legislature." And see Parker v. Orr, 158 Ill. 609, 41 N. E. 1002, 30 L. R. A. 227; Apple v. Barcroft, 158 Ill. 649, 41 N. E. 1116; Daniel v. Simms, 49 W. Va. 554, 39 S. E. 690; Curran v. Clayton, 86 Me. 42, 29 Atl. 930; Whittam v. Zahorik, 91 Iowa, 23, 59 N. W. 57, 51 Am. St. 317; Voorhees v. Arnold, 108 Iowa, 77, 78 N. W. 795; State v. Peter, 21 Wash. 243, 57 Pac. 814; Van Winkle v. Crabtree, 34 Ore. 462, 55 Pac. 831. Names or initials on a ballot are generally and naturally regarded as identifying marks. Explanations that they were intended for another purpose must be excluded. Brown, J., in Elwell v. Comstock, 99 Minn. 261, 271, 109 N. W. 113, 698, 7 L. R. A. (N. S.) 621. And see Pennington v. Hare, 60 Minn. 146, 62 N. W. 116; Parker v. Orr, 158 Ill. 617, 618, 41 N. E. 1002, 30 L. R. A. 227; Caldwell v. McElvain, 184 Ill. 552, 559, 56 N. E. 1012; Tandy v. Lavery, 194 Ill. 373, 62 N. E. 774; State v. Fawcett, 17 Wash. 193, 194, 49 Pac. 346; Spurgin v. Thompson, 37 Neb. 39, 45, 55 N. W. 297.

2. In this case Exhibit 12 was cast by one John Erickson. The only marks on it were as follows:

| Mayor—EMIL A. TESSMAN, Democrat. John Erickson. | X |
|---|---|
| *  *  ·  *  *  * | |
| Alderman—GEORGE J. BLOEDEL, Democrat. | |
| Alderman—JAMES L. CROMWELL, Republican. John Erickson. | |
| Alderman— | |

Within these principles, it is clear that this ballot was properly excluded by the trial court, although it was "cast in good faith, without fraud or corruption, and without any intention of identifying it."

3. Exhibit 7 showed a proper mark opposite Democratic candidate for mayor, two marks for special municipal judge, although only one was to be voted for, and no mark opposite the name of a candidate for alderman. This was not a vote for any alderman.

4. As a result, the contestant, excluding the Claus vote, had seven hundred twenty one votes; the contestee had seven hundred twenty votes. The trial court properly held that the contestant prevailed.

Affirmed.