Affirmed.

## ED ERICKSON v. L. PAULSON.[1]

July 1, 1910.

Nos. 16.686—(162).

**Election — use of "paster" on ballot.**
> Where the printed ballot at a city election contains the name of one candidate and a blank space under it, a voter may substitute the name of another by pasting a sticker over the printed name, and vote for the party so substituted by properly marking the ballot.

From the decision of the judges of election canvassing the ballots cast for aldermen in the second ward of the city of Canby declaring L. Paulson elected, Edward Erickson appealed to the district court for the county of Yellow Medicine. The matter was heard before Powers, J., who made findings and ordered judgment in favor of the contestee. From the judgment entered pursuant to the order, Erickson appealed. Reversed.

*Mathews & Lende,* for appellant.
*Ole Ostensoe,* for respondent.

[1] Reported in 126 N. W. 1097.

LEWIS, J.

Appellant and respondent were candidates for alderman in the city of Canby at the election held April 6, 1899. Respondent was declared elected by the election judges, and appellant contested the same.

There were seventy-one ballots cast, three of which were blanks. Thirty-two undisputed ballots were cast for Paulson, and thirty-six ballots were cast for Erickson. The district court sustained the returns, and held that Paulson was elected. The case turns upon whether certain ballots, which were rejected by the trial court, should have been counted for Erickson. It was the regular city election, and the ballots contained the names of the offices to be voted for, including an alderman for two years. That portion of the ballot necessary to be considered here, was printed as follows:

| | |
|---|---|
| For Alderman 2-years—L. Paulson | vote for one |
| For Alderman 2-years— | |

Exhibit J is a ballot containing a sticker with the name "Ed Erickson" printed thereon, and was placed in the upper space to the right of Paulson's name. This ballot was not marked, and we are of opinion that it was properly rejected, as the voter failed to express his choice.

In Exhibit K an Erickson sticker was pasted in the blank space opposite the words "For Alderman 2-years," and was properly checked with a cross-mark, in pencil. This ballot should have been counted.

In Exhibit L the same kind of a sticker was placed over the name of "L. Paulson," and two cross-marks made in the space to the right, one opposite the sticker and one in the vacant space below. We hold that by placing the sticker over the name "Paulson," and marking it with a cross, the voter expressed the intention to vote for Erickson, and the ballot should have been counted. It is of no importance that one end of the sticker covered the letters "ears" of the word "years," as it was perfectly plain what the voter intended, and we

111 M.—22.

do not consider that the covering of the letters was a "mutilation" of the ballot.

In Exhibit M the sticker completely covered the entire printed matter in the upper space, but there was no mark of any kind. Not being necessary to the decision in this case, it is not decided whether the voter expressed a choice. The ballot has not been counted.

In Exhibit N the Erickson sticker was placed in the lower space, and one end of it covered the last part of the word "Alderman" and the words "2-years," but a cross-mark was placed to the right of the sticker. The ballot should have been counted.

Exhibit O is similar to Exhibit L, and should have been counted.

Exhibit P was properly rejected, because not marked.

Exhibits Q, R, S, and T are similar to Exhibits O and L, and should have been counted for Erickson.

In the case of Snortum v. Homme, 106 Minn. 464, 119 N. W. 59, a sticker was pasted in the lower space, and the only question decided was that a sticker might be substituted for writing. Exhibits K and N are ballots of that character; but in the other exhibits the sticker was placed in the upper space, either completely or partially covering the printed matter in that space, and the ballots were properly marked with a cross. There is nothing in the statute prohibiting this use of stickers.

The meaning of subdivision 3, § 275, R. L. 1905, is that when a new name is introduced upon the blank space under the printed names it shall be counted, whether marked in the small square or not. This subdivision must be read in connection with the rules, as defined by section 302, the first part of which reads: "All ballots shall be counted for the persons for whom they were intended, so far as such intent can be clearly ascertained from the ballots themselves, and in determining such intent the following rules shall be observed"—stating nine rules. By these rules the intention of the voter may be ascertained, but it does not necessarily follow that they entirely cover the subject. The statute does not declare that no ballot shall be counted unless it comes within one of the provisions of these rules. Nor does it prohibit the pasting of another name over the printed name on the ballot. That form of substitution with a mark oppo-

site shows the intent of the voter to vote for the party substituted as effectually as though he had written the name in the blank space.

Erickson received a majority of the votes cast, and was elected. Upon the subject of intention, generally, see Pennington .v. Hare, 60 Minn. 146, 62 N. W. 116; Truelsen v. Hugo, 81 Minn. 73, 83 N. W. 500; Bloedel v. Cromwell, 104 Minn. 487, 116 N. W. 947.

Reversed.