[No. 11821. *En Banc.* February 6, 1914.]

THE STATE OF WASHINGTON, *on the Relation of Empire Voting Machine Company, Plaintiff,* v. HARRY W. CARROLL *et al., Respondents.*[1]

ELECTIONS—VOTING MACHINES—VOTE BY "BALLOT." 3 Rem. & Bal. Code, § 4910-1 *et seq.*, providing for the use of voting machines, does not violate Const., art. 6, § 6, requiring that all elections shall be by "ballot."

SAME—VOTING MACHINES—STATUTES—VALIDITY. 3 Rem. & Bal. Code, § 4910-1 *et seq.*, providing for the use of voting machines, cannot be declared unconstitutional because it is involved and will embarrass election officers in attempting to apply it to local conditions; since, if the act is not plain, they must be guided by the general and municipal law, and ignore, as directory, provisions that cannot be complied with.

MANDAMUS—RELIEF. Upon issuing a writ of mandamus to compel compliance with the act for the use of voting machines, the court will not define all the officers' duties under the law.

ELECTIONS—VOTING MACHINES—USE. Under 3 Rem. & Bal. Code, § 4910-5, the city council may provide for the use of voting machines in a limited number of voting places.

SAME—VOTING MACHINES—IRREGULARITY. Where voting machines have been approved by the examining board as required by 3 Rem. & Bal. Code, § 4910-2, their use without being purchased by the city is an irregularity only that would not affect the validity of the election.

Appeal from a judgment of the superior court for King county, Albertson, J., entered January 28, 1914, dismissing a proceeding in mandamus, upon a hearing before the court. Reversed.

*John W. Roberts* and *George L. Spirk*, for relator.

*James E. Bradford, Howard A. Hanson,* and *C. B. White*, for respondents.

[1]Reported in 138 Pac. 306.

CHADWICK, J.—Article 6, § 6 of the constitution of the state of Washington is as follows:

"All elections shall be by ballot. The legislature shall provide for such method of voting as will secure to every elector absolute secrecy in preparing and depositing his ballot."

At the last session of the legislature, a law was passed authorizing the use of mechanical voting machines. The city council of the city of Seattle, by resolution duly passed, has provided for the installation of seven of such machines in seven several precincts in the city of Seattle.

The uncertainties and ambiguities of the act, Laws of 1913, ch. 58, p. 177 (3 Rem. & Bal. Code, § 4910-1 *et seq.*), are such that the comptroller of the city refused to take the steps necessary to effectuate the design and purpose of the council, which is to test the working of the machine in an experimental way. A proceeding in mandamus was instituted in the court below, and from a *pro forma* judgment denying the writ, the relator has appealed to this court.

It is first contended that the act is unconstitutional in that a vote cast through the mediumship of a voting machine is not a vote by ballot. Just what a vote by ballot is or may have been is a subject of more than passing interest to those who are interested in the development of our election laws. In the cases cited below, and in the standard encyclopedias, much of interest upon this subject will be found. We do not deem it necessary to rehearse these discussions or to treat the question other than as a proposition settled by the great weight of authority; that is, that a vote registered by a machine is a vote by ballot. *Detroit v. Board of Inspectors etc.*, 139 Mich. 548, 102 N. W. 1029, 111 Am. St. 430, 69 L. R. A. 184; *U. S. Standard Voting Mach. Co. v. Hobson*, 132 Iowa 38, 109 N. W. 458, 119 Am. St. 539, 7 L. R. A. (N. S.) 512; *Lynch v. Malley*, 215 Ill. 574, 74 N. E. 723; *Elwell v. Comstock*, 99 Minn. 261, 109 N. W. 113, 698, 7 L. R. A. (N. S.) 621; *In re Voting Machine*, 19 R. I. 729, 36

Atl. 716, 36 L. R. A. 547; *Henderson v. Board of Election Com'rs of Saginaw*, 160 Mich. 36, 124 N. W. 1105; *Helme v. Board of Election Com'rs of Leanawee County*, 149 Mich. 390, 113 N. W. 6, 119 Am. St. 681.

But it is insisted that, although this be true, the word ballot as used in the constitution must be construed in the light of prevailing practices, and the knowledge of a ballot possessed by the framers of the constitution and the people at the time of the adoption of that instrument; that, at that time, no ballot other than a written or printed ballot was contemplated; one that might be folded and placed in a ballot box. We think that the framers of the constitution had in mind the substance rather than the form of the ballot; the object to be attained, rather than the manner of attaining it. The object of all constitutional provisions and laws providing for a vote by ballot is primarily to procure secrecy, and this the legislature is admonished to do in the section and article above quoted. Any ballot, therefore, however cast, that will guard and protect this secrecy and guard against intimidation and secure freedom in the exercise of the elective franchise, is a secret vote by ballot within the ordinary and accepted meaning of those words when used in our election laws. A strict construction of art. 6, § 6 of our constitution would defeat the law providing for the Australian ballot. The present method of balloting was not in use in this state at the time the constitution was adopted, and the framers of the constitution would, under a rule of strict construction, be credited with an intent to retain the old party ballot, a ballot furnished by political parties or by those interested in the candidacy of some one or more individuals.

The cases to which our attention has been called holding that such laws are unconstitutional, are as follows: *Karlinger v. Board of Election Supervisors*, 80 Ohio St. 471, 89 N. E. 33, 24 L. R. A. (N. S.) 188; *Nichols v. Board of Election Comr's of Boston*, 196 Mass. 410, 82 N. E. 50. As herein-

before indicated, we shall not discuss the many objections made and combated in the cases, but hold, upon the weight of authority, that the law does not offend the constitutional provision guaranteeing a secret vote by ballot.

The respondents insist that, although we may hold the law to be constitutional, yet it is so involved and so inapplicable to primary elections and nonpartisan municipal elections that it cannot be worked out. It is unfortunate indeed that bills providing for the public use of instrumentalities such as voting machines are generally drawn and fostered by those who are interested in the sale of the stipulated article. The law before us is a sort of composite, selected from the laws of other states, without any notion of harmony with the election laws of this state. There is nothing about it to indicate that it has ever been scrutinized by any one familiar with our election laws. But these considerations do not go to the constitutionality of the law. That the machine is practical has been certified by the proper board; with its workings, courts have no concern; hence we can only say, in response to the insistence of counsel that, in the event that we command the writ, we go further and frame an order that will direct the respondent in all of the duties put upon him by reason of the resolution of the council and the new law, he must meet his duty under the guidance of his counsel, having in mind that, if the voting machine act is not plain, his first resort for guidance must be to the general law, and if it does not furnish him with a rule, he must look to the charter and ordinances of the city, and, furthermore, if the local conditions are such that he cannot comply with every requirement of the act, he must, for the present at least, treat such provisions as directory and ignore them. We appreciate the embarrassment put upon respondents, and that will be put upon municipal election officers, when undertaking to comply with an act so improvidently drawn and one involving so much of what seems to us to be unnecessary and expensive detail.

To meet the demands of counsel that we so decide that no question can arise as to the result of the election, would be to go further than the law of this state warrants. The consequences of detail and operation can only be considered by the courts when they may be referred to concrete facts.

It is further insisted that, inasmuch as the council has provided for the use of these machines in but seven of the 281 voting places in the city of Seattle, we should refuse to mandamus the respondent. It is not seriously denied that, if the act is valid, the council might, under § 5 of the act (3 Rem. & Bal. Code, § 4910-5) provide for the use of the machines in a limited number of voting places; but it is said that, inasmuch as the council has not provided for the purchase of these machines, but has accepted the use of them merely as an experiment, they cannot be used. The machines have been approved by the examining board (Laws 1913, p. 178, § 2 [Id., § 4910-2]), and the use of them without title is, in our opinion, an irregularity only that would not in any event affect the legality of the ballot. Neither would the city, under the state of facts here presented, be compelled at any future election to use the machines in the same precincts by reason of their permissive use in the forthcoming elections.

The writ will issue.

CROW, C. J., ELLIS, PARKER, GOSE, MOUNT, MAIN, and MORRIS, JJ., concur.