## HERMAN FRAJOLA v. MARTIN ZANNA.[1]

December 14, 1934.

No. 29,947.

*Louis Sachs, Mark Nolan,* and *M. H. Greenberg,* for contestant-appellant.

*Carl H. Schuster* and *R. E. Anderson,* for contestee-respondent.

[1]Reported in 257 N. W. 660.

HILTON, JUSTICE.

Village election contest, involving the office of trustee of the village of Gilbert, St. Louis county, Minnesota. Contestee was declared elected by the village canvassing board. Contest proceedings were instituted and inspectors appointed. Returning all the ballots, they reported to the court that Zanna and Frajola had received, respectively, 589 and 591 uncontested votes; that there were 42 contested ballots, two spoiled ballots, and one uncounted ballot. The ballots were nearly 17 inches in length and had thereon the names of 21 candidates. There were five offices to be filled. The court found that from the contested and the uncontested ballots contestee had received 604 and contestant 601 votes and dismissed the contest.

The appeal calls in question the validity of six ballots, exhibits 26, 28, 32, 34, 35, and 41, which appellant claims on their face were illegal and void.

On exhibit 28 there were the words "Skver Deall O. K." at the very end of the ballot. Exhibit 41 contains the phrase "10 yrs" after the cross mark made for a candidate for some other office. Appellant's theory is that these were identification marks. The words on exhibit 28 were undoubtedly nothing more than an expression of the views of the voter that those for whom he voted represented to him a "square deal" and that they were "all right." The phrase on the other ballot referred to probably was not more than an expression of a hope that the candidate voted for might continue in office for a long period of time. This court has had occasion to pass on a somewhat similar matter. In Elwell v. Comstock, 99 Minn. 261, 271, 109 N. W. 113, 698, 7 L.R.A.(N.S.) 621, 9 Ann. Cas. 270, it was held that neither the word "nit" nor the clause "May the best man win" was a label for the purpose of identification. In Truelsen v. Hugo, 81 Minn. 73, 83 N. W. 500, there was an expression of ill will after the name of the contestant. It was there held that such expression was not intended as a mark of identification. Adhering to the previous rulings of this court, we hold that the two ballots referred to were properly counted for

contestee.  See also Bloedel v. Cromwell, 104 Minn. 487, 116 N. W. 947, 948; Doepke v. King, 132 Minn. 290, 156 N. W. 125.

On exhibit 26 a light, short perpendicular mark appears before the square space in which a cross had been made for a candidate for constable; exhibit 34 has such a mark in a relative position after the name of the contestee; and exhibit 35 has a similar mark after the cross following contestee's name.  Manifestly the trial court could not clearly say that these were identification marks.  Elwell v. Comstock, 99 Minn. 261, 109 N. W. 113, 698.

"Mere irregularities in the marking of ballots, such as neither create uncertainty as to the voter's choice nor serve as distinguishing signs, violative of secrecy, are not cause for rejecting ballots." Bloedel v. Cromwell, 104 Minn. 487, 489, 116 N. W. 947; McVeigh v. Spang, 178 Minn. 578, 228 N. W. 155.

The trial court could well have concluded that the marks referred to were made accidentally or were of such character as not to indicate an intention thereby to identify the voter.

At the bottom of exhibit 32 appeared the names of three candidates for the position of constable, two of which were to be voted for.  A cross in the proper place appeared after the name of the candidate first listed thereon; in the square after the second name appeared a cross mark with a circle drawn around it.  Under the decisions hereinbefore cited, that fact cannot be held to invalidate the ballot.  It does not appear clearly as an identification mark, but rather as an attempt to obliterate the cross mark.

The trial court properly held that the ballots here involved should be counted for contestee.

Affirmed.