(9 Misc. Rep. 246.)

### PEOPLE ex rel. GORING v. PRESIDENT, ETC., OF VILLAGE OF WAPPINGER'S FALLS.

(Superior Court of New York City, Special Term. June, 1894.)

ELECTIONS—VALIDITY—ABSENCE OF NOTICE OR NOMINATION.

    At a regular village election, at which a police justice should have been elected, relator was the only one receiving votes for that office. No notice that a police justice would be voted for had been given, no nominations for the office had been made, and the name of the office was not printed on the official ballots. *Held,* that relator was legally elected, as none of such omitted acts are required by the ballot law.

Application by Edward M. Goring for writ of mandamus to the president, etc., of the village of Wappinger's Falls. Granted.

Bernard J. Tinney, for relator.
Joseph F. Barnard, for the Village.

GAYNOR, J. The village of Wappinger's Falls was incorporated under the general act for the incorporation of villages. It is provided in section 17 of the said act, as amended, that the trustees of any village of a population of 3,000 or more may decide to have a police justice for the village, to be elected every four years (chapter 291, tit. 3, Laws 1870); and on January 6, 1890, the trustees of this village passed a resolution, in accordance with the statute, that a police justice for the village should be elected at the next village election, to occur on the third Tuesday of March, 1890, and at every fourth annual election thereafter,—the term of office

to be four years. At the annual election held on the third Tuesday of March, 1894, the petitioner was the only person voted for for such office. He received 44 votes, which were duly counted and certified. It is claimed, however, that the petitioner was not validly elected, and is not entitled to fill the office; and the president and trustees of the village refuse to provide him with a court room, or fix his salary, which it is their duty to do, if he was elected. The trustees gave no notice in advance of the election that a police justice would be voted for, and no nomination of a candidate for the office was made by any political party, nor was any independent nomination made therefor, as provided by the ballot law (sections 56, 57). In short, no nomination was made for the office. Also, the name of the office of police justice was not printed on the official ballots. From these omissions the learned counsel for the trustees contends that no one could be legally voted for at the election, and that, therefore, the petitioner was not elected. There seems to be no foundation for the contention. In respect of the omission to give notice of the election of police justice, I am referred to no provision of law requiring notice, and I find none in the ballot law. The requirement of section 62 is only that all nominations to office be posted. But even if certain officials were charged with the giving of such notice, and failed to do so, that would not prevent or invalidate the election. Election notices were quite generally required before the adoption of our present ballot law, but it was uniformly held that, where the time of election to fill an office was designated by the constitution or by a statute, that in itself was notice which all electors had to heed, and the omission of the official notice was not material. People v. Cowles, 13 N. Y. 350; People v. O'Brien, 38 N. Y. 193; People v. Schiellein, 95 N. Y. 124. This is still the rule. The statute, as has been seen, provides that this office should exist in the village, and be filled at the village elections, if the trustees should pass a resolution to have the office, and they did so. Hence, the electors had the statute and the resolution as notice. That no one was nominated for the office may seem singular, but that could not take from the electors the right to fill the office by their votes. There is room for the contention that voting would be less partisan and more intelligent at local elections, and that local offices would be better filled, if there were no nominations. Nomination to office was not formerly essential to an election, nor does our present ballot law make it so. Nor is the fact that the name of the office was not printed on the official ballots material. The contention is that it was properly omitted, for the reason that it could not be voted for, because there were no nominations for it. There is nothing in the ballot law to sustain this contention. It is otherwise, for section 82, after providing that "there shall be provided as many different kinds of official ballots" as there are political parties or groups of independent electors making nominations, requires, in the case of every election, that "the names of all the offices to be filled thereat shall be printed" on each kind of ballot; and the same section further provides that, if the full number of candidates for the offices specified on the ballots shall not have been nominated by any political party or independent

electors for whom a ballot is printed, "blank spaces shall be left on each ballot of such kind where the names of candidates would appear except for such failure to nominate." The electors who voted for the petitioner did so by means of pasters designating the office, and the person voted for to fill it. They had a right to vote, notwithstanding the omission of the official ballots to designate the office. Ballot Law, § 104. Let a peremptory writ issue.