The People *ex rel.* McKenzie Cleland, Appellant, *vs.* Albert C. Barnes, Appellee.

*Opinion filed October 26, 1912.*

1. Courts—*terms of new judges of the superior court are the same as those of old judges.* The act of June 10, 1911, providing for six new judges of the superior court of Cook county, is silent as to when their terms shall begin, but when read in connection with the act of June 6 of that year it is clear that their terms of office begin on the first Monday of December after their election.

2. Elections—*effect of act of 1911, providing for additional judges of superior court.* The effect of the act of June 10, 1911, providing for six new judges of the superior court, was merely to add that number to the four judges to be elected at the next November election, to fill vacancies, and the fact that the four candidates were nominated by primary election and the six by convention did not make them candidates for offices of different classes, nor preclude the election, as a new judge, of a person nominated under the Primary law to fill a vacancy.

Appeal from the Appellate Court for the First District;—heard in that court on writ of error to the Circuit Court of Cook county; the Hon. Duane J. Carnes, Judge, presiding.

John E. W. Wayman, State's Attorney, Frank F. Reed, and Charles A. Williams, for appellant.

CHYTRAUS, HEALY & FROST, for appellee.

THOMAS J. SUTHERLAND, as *amicus curiæ.*

Mr. JUSTICE FARMER delivered the opinion of the court:

A petition for leave to file an information in the nature of a *quo warranto* was filed in the circuit court of Cook county in the name of the People, upon the relation of McKenzie Cleland, against Albert C. Barnes, respondent, to require him to show cause why he should not be ousted from the office of judge of the superior court of Cook county, to which office respondent claimed to have been elected at an election held November 7, 1911. A rule *nisi* was entered and respondent answered the petition. A hearing was had upon the petition, answer, and affidavits in support of each, and judgment was entered denying leave to file the information and dismissing the petition at relator's cost. Upon appeal to the Appellate Court for the First District the judgment was affirmed. A certificate of importance was granted and the case has been brought to this court by appeal.

On June 6, 1911, an act was passed by the legislature providing that the judges of the superior court of Cook county then in office, twelve in number, should each hold office until the expiration of the terms for which they were elected, and that from and after the passage of the act the judges should be elected at the times stated therein. (Laws of 1911, p. 284.) The terms of office of four of the judges expired the first Monday in December, 1911, and the act provides for the election of four judges on Tuesday after the first Monday in November, 1911, and every six years thereafter. The other judges were to be elected at the different times stated in the act. The act further provides that each judge should enter upon the duties of his office on the first Monday in December next after his election, and should hold office for a term of six years and until

his successor is elected and qualified. Nominations for the four judges to be elected November 7, 1911, were made by the republican, democratic, socialist and prohibition parties at the primary election held in April, 1911, and respondent was nominated by the republican party as one of its candidates. On June 10, 1911, an act was passed increasing the number of judges of the superior court from twelve to eighteen, and providing for the election of the additional six judges on Tuesday after the first Monday in November, 1911, the same time as the judges for which nominations had been made at the April primary. (Laws of 1911, p. 285.) The act provided that nominations of candidates for the additional judges should be made by conventions of the precinct committeemen of the respective parties, to be held September 19, 1911. Six candidates were nominated under said act by the republican, democratic and socialist parties, the relator being one of the nominees of the republican party. At the election held November 7, 1911, there were, therefore, ten judges to be elected. The ballots voted at this election contained the names of the different parties having nominees, under which was printed, "For judges of the superior court, (10 to be elected.)" This was followed by the names of the candidates of each party, the names of the four candidates nominated at the April primary being placed first and the names of the candidates nominated by the precinct committeemen following. There was nothing on the ballot to show which of the candidates were nominated by primary or by convention of the precinct committeemen, or that some of the candidates were nominated to fill the offices of those judges whose terms expired in December and others to fill the offices created by the act of June 10, 1911. Respondent received 91,079 votes and was fifth in number. Relator received 78,404 votes and was eleventh in number.

Relator contends that there were two classes of judges to be elected,—one class to fill the vacancies caused by the

expiration of the terms of four judges then in office, the other to fill the six additional offices created by the act of June 10, 1911. He further contends that the nominations made at the April primary were for the vacancies caused by the expiration of the terms of office of the four judges then in office, and that the nominations made by the precinct committeemen were to fill the six additional offices created by the act of June 10, 1911; that of the candidates nominated at the primary only four could be elected, and since respondent was fifth in number of votes received he was not elected to fill one of those places, and as he was not nominated to fill an office created by the act of June 10, 1911, he was not elected to any office, but that relator, being sixth in number of votes received by the convention nominees, and there being six places to fill, was and is entitled to the office. In support of his contention relator urges that the offices created by the act of June 10, 1911, are distinct from those created by former acts, that the tenure of office is different and that nominations were made in a different manner.

At the time of the adoption of this act there were twelve judges of the superior court. The language of the act increasing the number of judges is, that "the number of judges of the superior court of the county of Cook be and the same is hereby increased from twelve (12), its present number, to eighteen (18.)" There is nothing in this language, or any language contained in the act, to indicate that they shall constitute a separate class or in any way differ from the judges already provided for. It is true that nominations for the additional judges to be elected on November 7, 1911, were to be made in a different manner from those theretofore or thereafter nominated. It was within the power of the legislature to make provision for the nomination of the additional judges, and it is clear that the method provided was because the act was passed after the April primary was held.

The act of June 10 is silent as to the time the additional judges shall enter upon their duties, and it is contended by relator that they enter upon their duties immediately upon being elected and qualifying. But five days prior to the passage of this act an act was passed by the legislature providing that each of the sitting judges of the superior court, then twelve in number, should enter upon the duties of his office on the first Monday of December next after his election. The two acts related to the same subject matter and should be read together. The terms of office are the same, and we think it clear that it was the intention of the legislature that the provisions of the act of June 6, in regard to the time of entering upon their duties, should apply to the judges elected under the act of June 10.

But if there were otherwise any doubt as to whether there are more than one class of judges provided by the two acts by reason of the different methods of nomination and the failure to state the time they should enter into office in the act of June 10, it seems to us all doubt is removed by the language of the act itself, which provides that "the nominations made by said conventions when certified to by the presiding officer thereof, shall be placed upon the official ballot to be voted at said election in the same manner as if said nominations had been made at a primary election." This authorized the placing of the names upon the ballot in the manner adopted. Any other method would have been wrong. There were ten judges to be elected, and as respondent was fifth in number of votes received he was duly elected and is entitled to the office.

As the petition showed no reasonable grounds for filing the information leave to file it was properly denied, and the Appellate Court did not err in affirming the judgment of the circuit court.            *Judgment affirmed.*