## The People of the State of Illinois ex rel. Eugene Stewart, Appellant, v. Robert E. Crowe, State's Attorney, Appellee.

### Gen. No. 27,936.

1. Elections—*when provision for nomination by primary election not mandatory.* The provisions of the Primary Election Law, sec. 1, Cahill's Ill. St. ch. 46, ¶ 381, requiring that nominations of judicial officers by all political parties shall be made as provided in the act "and not otherwise," and of section 6, Cahill's Ill. St. ch. 46, ¶ 386, requiring the holding of a primary election for nominations required to be made under the act three weeks preceding the date of the general election, are inapplicable to an election for justice of the municipal court of Chicago to fill a vacancy at the June election, and not at the general election in the fall, where the time between such primary and June election is too short for the performance of all other mandatory acts required by such law, and in such case the nominations are properly made at a party convention.

2. Quo Warranto—*sufficiency of showing of usurpation of office to warrant proceeding.* A petition for writ of mandamus which alleges the existence of vacancies in the office of associate justice of the municipal court of Chicago to be filled at the June election, that certain candidates received nominations therefor at a party convention, that such convention was illegally called and held, and that the nominations should have been made at a primary election, that at such June election the candidates in question received a majority of the votes and have since exercised the duties and powers of the office, and which sets up certain alleged irregularities with respect

to the convention and the certificate of nomination, issued by the chairman and secretary, does not state a prima facie case of usurpation of office which requires the State's Attorney to file an information in quo warranto, where it appears that the irregularities were in regard to certain directory provisions not affecting the validity of the election and that the mandatory provisions of the Primary Election Law were inapplicable to such nominations because the time was too short before the regular election.

3. ELECTIONS—*exclusiveness of statutory remedy to keep illegal nominees off official ballot.* A candidate for office who does not avail himself of the statutory remedy to prevent the printing of the names of opposing nominees on the ballot by objecting under the Ballot Law, sec. 10, Cahill's Ill. St. ch. 46, ¶ 212, to the certification of the nominations of such opponents for illegality of their nominations is bound by the action of the Board of Election Commissioners in printing such nominees' names on the official ballot.

4. ELECTIONS—*nomination is for office and not to succeed individual who has died during term.* The fact that relator's name was the only one placed on the ballot for election as associate justice "to fill vacancy caused by death" of a former incumbent does not make the votes cast for him the only legally cast votes to fill such vacancy, where there were other vacancies in the office of associate justice, the terms of which would expire at the same time, to be filled at the same election, the nominations, under such circumstances, being for the office generally and not to succeed the individual who held it.

Appeal from the Circuit Court of Cook county; the Hon. FRANCIS S. WILSON, Judge, presiding. Heard in the Branch Appellate Court at the October term, 1922. Affirmed. Opinion filed November 8, 1922. Rehearing denied November 16, 1922.

J. LESTER WILLIAMS, for appellant; C. ARCH WILLIAMS, of counsel.

WILLIAM H. DUVAL and JAMES C. SKINNER, for appellee.

MR. PRESIDING JUSTICE BARNES delivered the opinion of the court.

This appeal is from an order sustaining a demurrer to a petition for a writ of mandamus and dismissing the petition, by which the petitioner elected to stand. The petition was brought on the relation of Eugene

Stewart to compel the State's Attorney of Cook county to sign, file and present a petition for leave to file an information in the nature of quo warranto, to show by what authority Thomas J. Peden, Emanuel Eller and Alberto N. Gualano exercise the power, duties and franchise of the office of associate judge of the municipal court of Chicago.

The principal facts set forth in the petition upon which appellant's contentions rest, briefly stated, are as follows:

That three vacancies in the office of associate judge of the municipal court of Chicago had existed for nine months prior to June 5, 1922, and were subject to being filled by the election held on that date; that on April 25, 1922, said Peden, Eller and Gualano received nominations to fill such vacancies at the Republican County Convention called for such purpose; that so far as such nominations are concerned, that convention was illegally called and held; that nominations to fill such vacancies could have been legally made at the primary election held in the City of Chicago April 11, 1922, for the purpose of nominating other officers, including other associate judges of the municipal court; that the certificate of nomination by said convention did not authorize the Board of Election Commissioners of the City of Chicago to cause ballots containing the names of such nominees to be printed and used at said election; that the result of such election as proclaimed showed over 64,000 votes for each of said nominees, and 1,800 votes for Eugene Stewart, the relator; that since said proclamation said nominees have assumed to exercise the duties and powers of such office, which, it is averred, said Stewart alone is entitled to exercise because of the illegality of the votes cast for said nominees of the convention.

The petition also sets up certain alleged informalities or irregularities with respect to such convention and the certificate of nomination issued by its chair-

man and secretary, and alleges that a petition in due form for leave to file an information in the nature of a quo warranto, containing in substance the same averments of fact as in this petition, was presented to appellee as the State's Attorney of Cook county, together with a sufficient affidavit in support thereof and proper draft of information, and that he refused to sign, file or present the same.

It is urged that under decisions in the cases entitled *People v. Healy,* 230 Ill. 280, and 231 Ill. 629, it became his duty to sign and present the same. Whether it was his duty under those decisions depends upon whether the petition presented a prima facie case of usurpation as alleged. It is conceded that so far as the various omissions and acts complained of were a failure to observe mere directory provisions in the election law they would not affect the validity of the election, especially where no legal voters were deprived of the right to vote and no illegal voters permitted to participate in the election and no uncertainty was cast on the result. (*Schuler v. Hogan,* 168 Ill. 369, 382.) There is no claim in the petition that any of these enumerated things occurred. It was said in the *Schuler* case, *supra,* that wherever the statute does not expressly declare that particular informalities avoid the ballot, its requirements will be construed as directory only (p. 376), and that "irregularities, which do not tend to affect the result, are not to defeat the will of the majority." (p. 381.) This is the trend of the authorities in this State. (*Piatt v. People,* 29 Ill. 54; *Hodge v. Linn,* 100 Ill. 397; *Behrensmeyer v. Kreitz,* 135 Ill. 591; *Ackerman v. Haenck,* 147 Ill. 514; *Rexroth v. Schein,* 206 Ill. 80; *People v. Graham,* 267 Ill. 426.) It is also said in *Pierce v. People,* 197 Ill. 432, 434, that: "The statute should be so construed as to give effect to the intention of the voter honestly endeavoring to comply with it, in preference to a construction which would defeat such intention." As in-

dicated by the various decisions on the subject, including those cited, the policy of the law is that the election statutes should be liberally construed to effect that intention.

But appellant contends it was mandatory that such nominations should have been made under the Primary Election Law and cites the provisions of section 1 thereof to the effect that nominations of judicial officers by all political parties, as defined by section 2 of the Act, shall be made as provided therein "and not otherwise" (Cahill's Ill. St. ch. 46, ¶ 381), and also the provision of section 6 of the Act which after enumerating certain primaries to be held for the nomination of officers other than such associate judges provides: "A primary for the nomination of all other officers, nominations for which are required to be made under the provisions of this Act, shall be held three weeks preceding the date of the general election for such offices, respectively." (Paragraph 386, ch. 46, Cahill's Ill. St.) As judges of the municipal court are elected at the fall elections for which the primary elections are held on the second Tuesday in April (paragraph 386, ch. 46, Cahill's Ill. St.), the question of nominating them at a primary held three weeks before the election can arise only when vacancies in such positions may be filled at the June election. But said section 6 of the Primary Law was held in *People v. Sweitzer,* 266 Ill. 459, to have been inoperative and void because the twenty days that would intervene between the date for holding the primary and the date of election would be insufficient within which to perform the acts contemplated by the statute to be done.

Most of the acts there enumerated would be required or contemplated in case a primary had been held under section 6 for nominations to fill such vacancies. Following the reasoning of the Supreme Court there would have been required under the Primary Election Act forty-eight hours or two days within which to de-

liver the precinct returns to the clerk (sec. 55); one day to make the canvass of the same (id.); ten days in which to file and decide any contest (sec. 57); one day for correcting the canvass after receiving a certified copy of the order of court in such contest (id.); one day to issue certificates of nomination (id.); and, under section 19 of the Ballot Law, one day for printing the specimen ballots, one day for distributing them, and five days for posting prior to the election, a total of twenty-two days, and therefore insufficient time for the purposes contemplated by the statute, all of which time might be taken under the statute for the performance of the various acts required to be done, for as said in the *Sweitzer* case: "We cannot assume that the time allowed the various officers and boards by the act within which to perform the duties imposed upon them will not be entirely consumed." (p. 471.) The Primary Law, therefore, was held not applicable in such a case and that nominations for such positions could be made under sections 3 and 4 of the Ballot Act of 1891, providing for "any convention of delegates," etc. And such nominations were made and placed on the ballot in the case at bar. Accordingly the mandatory provisions of the statute relied upon by appellant have no application, and appellant's contention rests merely upon a noncompliance with directory provisions and certain informalities and iregularities which under the decisions above cited would not render the election as to said nominees invalid.

As quo warranto is a proceeding to try the title of the respondent therein and not that of relator (*Place v. People,* 192 Ill. 160, 165) and as it does not appear that a prima facie case was made that would impeach the title of said nominees by the convention, we need not consider relator's claim to the title of one of the positions so filled.

But in refusing to sign said petition, the State's Attorney may well have questioned the relator's right to

insist upon the same, in view of the fact that the relator did not avail himself of the statutory remedies to prevent the printing of said nominees' names on the ballot. He could under section 10 of the Ballot Law [Cahill's Ill. St. ch. 46, ¶ 212] have objected to the certificate of the nomination of his opponents. Having apparently failed to do so, the action of the Board of Election Commissioners in printing the names on the ballot was final. (*People v. Rose,* 211 249.)

It is urged that inasmuch as the relator's name was placed on the ballot as an independent candidate "to fill vacancy caused by death of Hugh R. Stewart," and no other candidate on the ticket was designated to fill such vacancy, that the votes case for him as such independent candidate, so designated, were the only legal votes cast to fill such vacancy. As the terms of such vacancies would expire at the same time, namely, December 4, 1922, and were as to offices of the same class (*People v. Barnes,* 255 Ill. 379), the nominations could not properly be made to succeed any particular individual whose death or resignation brought about the vacancy. *In re Hart,* 21 N. Y. Misc. 503, 47 N. Y. Supp. 445.)

Accordingly the judgment will be affirmed.

*Affirmed.*

MORRILL and GRIDLEY, JJ., concur.